FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASCADE NATURAL GAS CORPORATION, a Washington Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>INTERNATIONAL CHEMICAL WORKERS UNION COUNCIL/UFCW LOCAL 121-C,<br><br>    Defendant. | No. 1:16-CV-3163-SMJ<br><br>**ORDER REMANDING TO ARBITRATOR** |

## I. INTRODUCTION

Edward Marquard has been a service mechanic for Cascade Natural Gas Corporation (Cascade) for more than 34 years and is represented by the International Chemical Workers Union Council/UFCW Local 121-C (the Union). In June 2013 Cascade terminated Marquard's employment following a service call where he failed to follow company policy, left a residence in an unsafe condition, and allegedly was disrespectful to a customer. The Union brought a grievance on behalf of Marquard, which eventually reached arbitration in March 2016. The Arbitrator issued a decision concluding that while Cascade had just cause to

ORDER **-** 1

discipline Marquard and provided due process, termination was unreasonable. The Arbitrator modified the penalty to a 30-day suspension without pay and ordered Cascade to reinstate Marquard with back pay.

Cascade now asks this Court to vacate the arbitration award. Labor arbitration awards may be vacated only in a very narrow set of circumstances. Cascade argues that two of those circumstances are present here: that the award does not draw its essence from the Collective Bargaining Agreement (CBA) and that the Arbitrator exceeded the boundaries of the issues submitted to him. It is clear that the Arbitrator did not exceed the boundaries of the issues submitted for arbitration. It is not clear, however, whether the award draws its essence from the CBA. Language in the arbitration decision appears to directly contradict a provision of the CBA, but it also appears to conflict with the Arbitrator's ultimate decision and with other findings in the decision. In this circumstance, because it is unclear whether the Arbitrator ignored a provision of the CBA—which would justify vacating the award—or simply failed to explain his reasoning or made an error—which, under the extraordinarily deferential standard of review, would not—the Court finds that remand to the Arbitrator for clarification is appropriate.

## II. BACKGROUND

**A. Factual background**

Cascade supplies natural gas and provides related services to customers

ORDER - 2

primarily in central Washington. ECF No. 1-2 at 85. At the time of the events in this case, Cascade employed approximately 31 Service Mechanics who were represented by the Union. ECF No. 1-2 at 85. Cascade and the Union are parties to a CBA governing the rights and responsibilities of the Service Mechanics and Cascade.

Edward Marquard has been employed by Cascade as a service Mechanic for 34 years. ECF No. 1-2 at 86. On May 29, 2014, he was assigned to connect gas service for a water heater and furnace at a residence in Yakima. ECF No. 1-2 at 86. When he arrived, Marquard informed one of the residents that he was there to connect the gas service, and he then proceeded to turn on the gas meter and light the water heater and furnace pilot light. ECF No. 1-2 at 86. Marquard was unable, however, to get the furnace to operate properly. ECF No. 1-2 at 86. He informed the resident that she would need to contact her landlord to repair the thermostat. ECF No. 1-2 at 86–87. After Marquard left the residence, the furnace would not turn off and the temperature rose to 95 degrees before another resident shut off the power to the furnace. ECF No. 1-2 at 87. The resident then called his landlord to report the thermostat problem and called Cascade, complaining about the disrespectful manner in which Marquard conducted the service call. ECF No. 1-2 at 87.

On June 3, Cascade's District Operations Manager met with two of the residents to discuss their complaint. ECF No. 1-2 at 88. The residents explained that Marquard was "rude and uncommunicative," and they filed a written statement of

their complaint ECF No. 1-2 at 88.

On June 4, Cascade met with Marquard concerning the May 29 service call. ECF No. 1-2 at 88. Marquard indicated that there was nothing unusual about the service call except for the faulty thermostat switch. ECF No. 1-2 at 88. He recalled the service call being a "very pleasant call—no contention—and 5 to 10 minutes in duration." ECF No. 1-2 at 88. He stated that the furnace was off when he left, and that he believed the tenants may be "looking for someone to blame." ECF No. 1-2 at 88. Following this June 4 meeting, Cascade placed Marquard on leave. ECF No. 1-2 at 88.

On June 11, 2013, Cascade terminated Marquard's employment. ECF No. 1-2 at 89. Cascade sent the following letter to Marquard explaining the basis for the termination:

> Due to your rude and disrespectful behavior towards customers, failure to follow Company procedures and inability to perform your job responsibilities, the Company has elected to end the working relationship with you effective immediately. The Company took into consideration that you previously received a written reminder and were suspended without pay for similar disrespectful behavior and have been informed that any further action on your part that demonstrates disrespectful and rude behavior when performing your job responsibilities will result in your termination. The company also considered that you have violated Company Procedure (CP) 225 and 695 which addresses the expected behavior and performance of a Service Mechanic performing service work.

ECF No. 1-2 at 90.

## B. Grievance and Arbitration

The day after Marquard's termination, June 12, 2013, the Union filed a grievance alleging that Marquard was not terminated for just cause and requesting reinstatement with back pay and benefits. ECF No. 1-2 at 81. In accordance with the CBA's grievance procedure, a Board of Review hearing was held on August 21, 2013. ECF No. 1-2 at 89. The Board of Review concluded that Cascade terminated Marquard for just cause. ECF No. 1-2 at 90.

Following the Board of Review decision, the parties submitted the grievance to arbitration. ECF No. 1-2 at 90. The parties stipulated to submit the following questions to the arbitrator: "Did the Company have just cause to terminate the employment of Edward Marquard on June 11, 2013? If not, what is the appropriate remedy?" ECF No. 1-2 at 82.

An arbitration hearing was held on March 3 and March 30, 2016, before Eric Lindauer. ECF No. 1-2 at 80–81. The arbitration decision was issued on July 7, 2016. ECF No. 1-2 at 80. The decision describes the issue in the case as "whether the Company had just cause to terminate the employment of Ed Marquard on June 11, 2013." ECF No. 1-2 at 90. The Arbitrator found that in connection with the May 29 service call there was sufficient evidence that Marquard left the residence in unsafe condition and failed to properly document the service call, but that there was not sufficient evidence to establish that Marquard was rude, disrespectful, or

unresponsive or that he was dishonest with Cascade during its investigation. ECF No. 1-2 at 92–100.

The Arbitrator concluded that because evidence supported that Marquard left the residence in unsafe condition and failed to properly document the service call, Cascade had just cause to discipline Marquard for violating its policies and procedures. ECF No. 1-2 at 92. The Arbitrator further concluded that Cascade's actions met the CBA's criteria for discharge stated in Article 7, Section 1(d). ECF No. 1-2 at 105. However, the Arbitrator concluded that in light of the nature of Marquard's violation and employment record, the penalty of discharge was unreasonable. ECF No. 1-2 at 101–07. The Arbitrator modified the penalty to a 30-day suspension without pay and ordered Cascade to reinstate Marquard with back pay. ECF No. 1-2 at 108.

Cascade reinstated Marquard on July 18, 2016, ECF No. 27-1 at 2, but it has not paid Marquard's unpaid wages and benefits. ECF No. 27-1 at 2–3; ECF No. 37 at 2.

Cascade filed this action in September 2016 to vacate the arbitration award. ECF No. 1 at 1. Cascade alleges that the Arbitrator exceeded the authority granted to him under the terms of the CBA and that the Arbitrator's decision does not draw its essence from the CBA because it ignores the plain language of certain provisions of the CBA. ECF No. 1 at 8. The Union answered and counterclaimed, alleging that

ORDER - 6

Cascade has failed to pay back-pay as required by the arbitration agreement, that even if the Arbitrator's decision is vacated, the Arbitrator is procedurally precluded from terminating Marquard, and that the Arbitrator acted within his authority. ECF No. 7 at 19–26.

### III. LEGAL STANDARD

"Because of the centrality of the arbitration process to stable collective bargaining relationships, courts reviewing labor arbitration awards afford a 'nearly unparalleled degree of deference' to the arbitrator's decision." *Sw Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 530 (9th Cir. 2016) (quoting *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers*, 886 F.2d 1200, 1204–05 (9th Cir.1989) (en banc)). If the "arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (citation omitted). A Court may not vacate an arbitrator's award "even if [the court is] convinced that the arbitrator misread the contract or erred in interpreting it." *Sw Reg'l Council of Carpenters*, 823 F.3d at 530 (quoting *Va. Mason Hosp. v. Wash. State Nurses Ass'n*, 511 F.3d 908, 913–14 (9th Cir.2007)). "A court may intervene only when an arbitrator's award fails to 'draw its essence from the collective bargaining

agreement,' such that the arbitrator is merely 'dispens[ing] his own brand of industrial justice.'" *Id.* (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).

## IV. DISCUSSION

The Ninth Circuit has recognized only four limited circumstances in which vacatur of a labor arbitration award is justified:

> (1) when the award does not draw its essence from the collective bargaining agreement and the arbitrator is dispensing his own brand of industrial justice; (2) where the arbitrator exceeds the boundaries of the issues submitted to him; (3) when the award is contrary to public policy; or (4) when the award is procured by fraud.

*Sw. Reg'l Council of Carpenters*, 823 F.3d at 530 (quoting *S. Cal. Gas Co. v. Util. Workers Union of Am., Local 132, AFL–CIO*, 265 F.3d 787, 792–93 (9th Cir. 2001)) (internal quotation marks omitted). Cascade's argument for vacatur asserts that the first two circumstances are present here: that the award does not draw its essence from the CBA and the Arbitrator exceeded the boundaries of the issues submitted to him. ECF No. 21 at 12. The second circumstance will be addressed first because it is clear that the Arbitrator did not exceed the boundaries of the issues submitted to him. With respect to the first circumstance, however, internal inconsistency and ambiguity in the Arbitrator's decision makes it impossible for the Court to discern whether the decision "draws its essence" from the CBA.

ORDER **-** 8

**A.  The Arbitrator did not exceed the boundaries of the issues submitted to him.**

The questions submitted to the arbitrator were:

(1) Did the company have just cause to terminate the employment of Edward Marquard on June 11, 2013?

(2) If not, what is the appropriate remedy?

ECF No. 27-5 at 36.

Cascade argues that the Arbitrator found just cause, and therefore had no basis to move on to whether the remedy was appropriate. ECF No. 21 at 19–20. "[The] arbitrator's interpretation of the scope of the issue submitted to him is entitled to the same deference accorded his interpretation of the collective-bargaining agreement." *Pack Concrete v. Cunningham*, 866 F.2d 283, 285 (9th Cir. 1989). In this case the Arbitrator concluded that Cascade had just cause to initiate *discipline*, he did not conclude that Cascade had just cause to *terminate* Marquard. Indeed, the Arbitrator's conclusion that Cascade's decision to terminate Marquard was unreasonable implies that Cascade did not have "just cause" for that decision. Under the very deferential standard of review, there is no basis to vacate the Arbitrator's decision on the ground that the Arbitrator exceeded the scope of the issues presented to him.

**B.  It is unclear whether the arbitration award fails to draw its essence from the collective bargaining agreement.**

An award does not draw its essence from the contract when it ignores the

ORDER - 9

plain language of the contract and manifestly disregards the contours of the agreement. *See Stead Motors of Walnut Creek v. Auto. Machinists Lodge 1173*, 886 F.2d 1200, 1205 n. 6 (9th Cir. 1989). As discussed above, the Court owes an extraordinary degree of deference to the arbitrator's decision and may not vacate an award on the basis that the arbitrator misinterpreted the contract. *Sw Reg'l Council of Carpenters*, 823 F.3d at 530. As the Ninth Circuit recently explained in *Southwest Regional Council of Carpenters*:

> [T]he quality—that is, the degree of substantive validity—of an arbitrator's interpretation is, and always has been, beside the point. Instead, the appropriate question for a court to ask when determining whether to enforce a labor arbitration award interpreting a collective bargaining agreement is a simple binary one: Did the arbitrator look at and construe the contract, or did he not?

823 F.3d at 532.

Cascade argues that in setting aside Marquard's termination on the basis that it was too severe after finding that the termination satisfied Article 7, Section 1 of the CBA, the Arbitrator directly contradicted Article 5 of the CBA. ECF No. 21 at 14–15. Article 5, Section 4 (a) and (b) of the CBA provides:

> (a) An arbitrator shall have no authority to set aside, find too severe, or modify a warning, suspension, or discharge to any Employee except where the Employer has not satisfied the provisions of Article 7 Section 1.
>
> (b) The arbitrator shall have no authority to modify this Agreement, whether by adding to or subtracting from the terms of this Agreement.

ORDER - 10

ECF No. 1 at 19. Article 7, Section 1 sets detailed procedural requirements for employee promotion, demotion, and discharge. ECF No. 1 at 20. In other words, Cascade argues that once the Arbitrator found that Cascade complied with the procedural requirements of Article 7, Section 1, the Arbitrator lacked any discretion to modify the penalty of discharge. ECF No. 21 at 15.

The arbitration decision states that "the written reminders and warnings meet[] the Article 7, Section 1(d) criteria for discharge." ECF No. 1-2 at 105. It further states that "[a]lthough the company complied with the Article 7 requirements, the disciplinary action still must be measured against the well-recognized standards of just cause." ECF No. 1-2 at 105. These statements appear to be inconsistent with Article 5, Section 4. But these statements are also inconsistent with the Arbitrator's reasoning and ultimate decision, as well as inconsistent with other findings.

The arbitrator first concluded that Cascade had just cause to discipline Marquard because he left the residence in an unsafe condition and failed to properly document the service call, but not because he was rude or dishonest in the investigation. ECF No. 1-2 at 92–100. Notably, the Arbitrator did not find that Cascade had just cause to *terminate* Marquard. Next, the Arbitrator found that Cascade complied with due process requirements by providing notice of the allegations and a fair opportunity to respond. ECF No. 1-2 at 100–101. But the

ORDER - 11

Arbitrator does not expressly address whether the requirements of Article 7. Section 1 were addressed in his due process analysis. Finally, the Arbitrator addressed whether the penalty was reasonable based upon the circumstances of the case, reasoning that just cause cannot exist for an unreasonable penalty—"Just cause is essentially a standard of reasonableness and fairness. It requires that the penalty imposed must fit the seriousness of the offense and must take into consideration the total circumstances." ECF No. 1-2 at 102 (quoting Koven & Smith, *Just Cause: The Seven Tests* 397 (BNA 2d Ed.)). The Arbitrator found that Marquard's record and unsatisfactory performance were "deserving of serious disciplinary action, but not discharge." ECF No. 1-2 at 106. Importantly, the Arbitrator found that "[a]lthough [Cascade] issued numerous Written Reminders and Written Warnings to the Grievant for a variety of acts of unsatisfactory work performance and being disrespectful with customers, it did not take the next step of imposing disciplinary suspension." ECF No. 1-2 at 106. The Arbitrator explained that "given [Marquard]'s long record of employment, there was one more corrective step in the form of significant disciplinary suspension [Cascade] should have taken before terminating his employment." ECF No. 1-2 at 107.

The statement that Cascade complied with Article 7 is in conflict with the Arbitrator's ultimate conclusion and supporting reasoning that Cascade had just cause to *discipline* Marquard but not to *terminate* his employment. The statements

ORDER - 12

also conflict with the Arbitrator's finding that Cascade failed to impose a suspension prior to terminating Marquard.

Given these inconsistencies, it is simply not possible to say with certainty that the Arbitrator failed to look at and construe the CBA. *See Sw Reg'l Council of Carpenters*, 823 F.3d at 532–33. It is plausible that the Arbitrator failed to consider Article 5, Section 4 of the CBA. But the Court finds that it is equally plausible that the Arbitrator did consider all of the relevant provisions of the CBA and simply failed to adequately explain his reasoning or included the statements inconsistent with Article 5 in error. This possibility is supported by the fact that the Arbitrator quotes Article 5, Section 4 as one of the provisions of the CBA relevant to determining the issues in dispute. ECF No. 1-2 at 82. And an error or faulty reasoning are not sufficient basis to vacate an arbitration award. *Sw Reg'l Council of Carpenters*, 823 F.3d at 530.

Because it is unclear whether the Arbitrator ignored a provision of the CBA, made an error, or simply failed to explain his reasoning, the appropriate remedy is remand to the Arbitrator for a more definite determination. *See M & C Corp. v. Erwin Behr GmbH & Co., KG*, 326 F.3d 772, 782 (6th Cir. 2003) ("A remand is proper, both at common law and under the federal law of arbitration contracts, to clarify an ambiguous award or to require the arbitrator to address an issue submitted to him but not resolved by the award.") (citation and quotation marks

omitted); *Sunshine Min. Co. v. United Steelworkers of Am., AFL-CIO, CLC*, 823 F.2d 1289, 1294 (9th Cir. 1987) ("It is firmly established that the courts may resubmit an existing arbitration award to the original arbitrator for interpretation or amplification.") (citation omitted).

## V. CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

**2.** Defendant's Cross-Motion for Summary Judgment, **ECF No. 26**, is **DENIED IN PART and GRANTED IN PART**.

**3.** This matter is **REMANDED** to the Arbitrator for further consideration consistent with this order.

**4.** The Clerk's office is directed to **ENTER JUDGMENT** consistent with this order and **CLOSE** this case.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 2nd day of June 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge